UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Lady Gomez,

      Plaintiff,

v.

Solar-Ray,
Inc.

      Defendant,

_____/

## **COMPLAINT**

Plaintiff Lady Gomez by and through undersigned counsel hereby sues Defendant Solar-Ray, Inc., on the grounds set forth herein.

## Introduction

1. This is an action by Plaintiff LADY GOMEZ, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760, to redress the injury done to Plaintiff by the Defendant's discriminatory and retaliatory treatment based on her Sex.

## Jurisdiction And Venue

2.  This is an action for damages brought in excess of $15,000.00, exclusive of interest, Attorney's fees, and costs.

3.  This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statutes Section 760.

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Additionally, Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case and pursuant to 28 U.S.C. §§1332 and 1367.

5.  The venue of this action is properly placed in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Orange County, within the jurisdiction of this Honorable Court.

<u>Parties</u>

6.  Plaintiff Lady Gomez is a resident of Orlando, Orange County, who was employed by Solar-Ray, Inc. and is a member of certain protected classes of persons.

7.  Corporate Defendant Solar-Ray, Inc (hereinafter, Solar-Ray, or Defendant) is a foreign Florida profit corporation authorized to conduct

business in the State of Florida, in Orange County, Florida, and within this Court jurisdiction.

8.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

9.  At all relevant times, Defendant has continuously done business in Florida state and employed 15 or more employees.

<u>Procedural Requirements</u>

10. All conditions precedent to this action has been fulfilled. On or about January 19, 2022, Plaintiff Lady Gomez dual-filed her Charge of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. On or about May 03, 2022, the U.S. Equal Employment Opportunity Commission issued a "Determination and Notice of Rights" with respect to such Charge of Discrimination. Such Notice was received by Plaintiff on or about May 11, 2022**.** Consequently, the present Complaint is being filed within the 90 days of the date in which Plaintiff received the Dismissal and Notice of Rights, as allowed by law.   ***See composite Exhibit "A."***

11. All conditions precedent for the filing of this action before this Court have either been previously met or excused, including the exhaustion of all pertinent administrative procedures and remedies.

<u>Statement Of Facts</u>

12. Plaintiff Lady Gomez is a Colombian female, a member of certain protected classes of persons.

13. Corporate Defendant Solar-Ray, Inc. is a private company, manufacturer, and provider of solar energy systems, products, and services.

14. Defendant Solar-Ray employed Plaintiff Lady Gomez as an office assistant on or about September 2017. Plaintiff was fired on or about January 18, 2022. Thus, Plaintiff was employed by Defendant for four years plus five months.

15. While employed by Defendant Solar-Ray, Plaintiff suffered discrimination, harassment, and retaliation based on her Sex.

16. Plaintiff's employment history began in 2017. On or about August 2017, Plaintiff began a romantic relationship with Solar-Ray CEO, Michael D. Brown.

17. CEO Michael D. Brown hired Plaintiff, and she began to work at Solar-Ray on or about September 2017. Plaintiff had duties as an office assistant and marketing employee.

18. Plaintiff had a mandatory schedule, and she worked from Monday to Friday, from 7:00 AM to 5:00 PM (10 hours daily), or 50 hours weekly ). As compensation for her work, Plaintiff received a debit card with $500.00 weekly. The debit card was under the name of Michael D. Brown.

19. On or about October 2017, Plaintiff, her two children, and CEO, Michael D. Brown, and his three children, moved together to a house rented by the couple.

20. Plaintiff worked at the office and at home, taking care of the children. Michael D. Brown paid the housing and basic living expenses.

21. Plaintiff began to be paid on the payroll with checks and paystubs of Solar-Ray, just in May 2018. Plaintiff's wage rate was $15.00 an hour.

22. However, the relationship had soured rapidly. As early as November 2017, Michael D. Brown informed Plaintiff that he did not want Plaintiff's 14-year-old son living with them. Plaintiff sent her son to Colombia and promised Michael D. Brown to move out with her young daughter before her child came back.

23. At this point, Plaintiff understood that she could not marry Michael D. Brown (he had proposed to her and paid for her divorce papers) because he was a very controlling, manipulative, and jealous person. Mr. Michael D. Brown did not want to share Plaintiff's love and attention with anybody, not even with her own child. Furthermore, he had anger management issues with the kids.

24. On or about January 2018, Plaintiff moved out, but she continued the relationship with Michael D. Brown and worked at Solar-Ray.

25. On or about January 2019, Plaintiff finished the relationship with Mr. Michael D. Brown. However, Michael D. Brown continued to pursue a romantic relationship. In fact, during 2018, 2019, and part of 2020, both parties had an on and off a romantic relationship.

26. Despite her stormy association with Mr. Michael D. Brown, Plaintiff did very well at the workplace. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question. Plaintiff obtained a degree in education in her native Colombia and performed her duties without significant issue or controversy. Plaintiff was a model employee who was diligent in her work and committed to creating a successful career with Defendant.

27. Unfortunately for Plaintiff, everything changed after she terminated her relationship with Michael D. Brown for the last time. On or about December 18, 2020, he approached Plaintiff with a Christmas card and the usual Christmas bonus of $1,000.00 for every Solar-Ray employee.

28. On that date, Mr. Michael D. Brown, asked Plaintiff to continue having a relationship with him. Plaintiff could not take Mr. Michael D. Brown's advances any longer and told him they would never have a romantic relationship again. Mr. Michael D. Brown stated: "If you don't get back to me, many things will change."

29. On January 2021, CEO Michael D. Brown fulfilled his threats and demoted Plaintiff from her position as Office Manager, reduced her working hours, and sent her to work in the marketing office, which was an isolated place where she worked completely alone, under the direct supervision of CEO Michael D. Brown. The only person who visited the place was CEO Michael D. Brown, who spent hours disturbing and harassing Plaintiff.

30. Throughout 2021, CEO Michael D. Brown subjected Plaintiff to sexual harassment. Mr. Michael D. Brown did not take a no for an answer and utilized his position of authority to demand sexual favors from Plaintiff. Mr. Michael D. Brown subjected Plaintiff's employment benefits or

adverse actions dependent upon Plaintiff complying with demands for sexual favors.

31. Plaintiff opposed Mr. Michael D. Brown's illegal conduct. She did not welcome the sexual advances, rejected them, and clearly advised Mr. Michael D. Brown that his advances were unwelcome and demanded he stops his wrongful behavior.

32. These oppositions constitute protected activity under Title VII, and under Chapter 760 of the Florida Human Rights Act.

33. Defendant subjected Plaintiff to discrimination and harassment based on her Sex.

34. The discrimination and harassment were perpetrated at Solar-Ray facilities by CEO Michael D. Brown. This individual disrespected and harassed Plaintiff every day, he would constantly call Plaintiff's mobile number, so she had to stop answering his calls outside work. He would harass Plaintiff by making sexual advances and sexual remarks about her body.

35. Plaintiff felt intimidated and uncomfortable. Mr. Michael D. Brown's conduct interfered with Plaintiff's performance

36. The sexual harassment of CEO Michael D. Brown was so persistent and severe that created a hostile working environment for Plaintiff, in

violation of Title VII and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

37. Plaintiff's refusal to submit to a supervisor's sexual demands resulted in a tangible job detriment in the form of a hostile working environment.

38. Plaintiff was intentionally embarrassed in front of co-workers by claiming that she was incompetent because she did not speak English. CEO, Michael D. Brown subjected Plaintiff to increased job scrutiny and excessive surveillance, trying to find a reason to sanction and get rid of Plaintiff. After more than three years of work, suddenly, Plaintiff was falsely acussed of gossip at the workplace. Plaintiff's work was sabotaged, she was also accused of all kinds of misunderstandings. Plaintiff was ridiculed, ostracized, and harassed in her workplace.

39. Plaintiff had to suffer intimidating and abusive treatment as a condition for continued employment. Plaintiff needed her job to support her children.

40. On or about Monday, January 17, 2022, Plaintiff took her 7-year-old daughter to work because it was the Martin Luther King holiday, and employees were allowed to take their kids to work.

41. When Plaintiff entered the office with her daughter, she found a cat lying over a pillow over a table and covered with a towel. Plaintiff found out

that the cat was dead. Plaintiff asked several employees whose cat was it. Then, she called Michael D. Brown, but he did not answer. Around 9:50 AM Plaintiff sent Michael D. Brown a picture of the dead cat. Plaintiff and her daughter were terribly upset with the sight of the dead animal. Thus, Plaintiff asked Alex Botton, a warehouse worker, to bury the animal.

42. While Plaintiff was working, Mr. Michael D. Brown came to her work area and began insulting and screaming profanities at Plaintiff in front of her daughter, knowing full well that Plaintiff and her daughter had previously suffered domestic violence. The girl began to cry and had a nervous breakdown. Plaintiff was in shock and afraid for her daughter and herself. Plaintiff took the girl outside to sit her in the car and comforted her for a while. Then she went back to work. Mr. Michael D. Brown told Plaintiff: "You are pushing your luck."

43. Unknowingly for Plaintiff, the dead cat belonged to Mr. Michael D. Brown, and his outburst and verbal abuse against her were triggered because he found out that Alex Botton threw the animal into the dumpster. Mr. Michael D. Brown blamed Plaintiff for the actions of Alex Botton.

44. The next day, Tuesday, January 18, 2022, Plaintiff reported to work as usual, when CEO Michael D. Brown asked her: "Did you check your e-mail?, you are fired". Plaintiff told Michael D. Brown that she did not get the e-mail, he printed the e-mail and gave it to Plaintiff. Plaintiff was being fired using a number of pretextual reasons.

45. On or about January 18, 2022, Plaintiff Lady Gomez was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints and opposition to unlawful discrimination, harassment, and retaliation based on her Sex, in violation of both Federal and State Laws.

46. The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities and otherwise affected her status as an employee because of her Sex.

47. The effect of the practices described above has been to deprive Plaintiff of equal employment opportunities and otherwise affected her status as an employee because of her engagement in protected activities in opposition to unlawful discriminatory practices.

48. The unlawful practices described above were intentional and caused Plaintiff to suffer great emotional distress.

49. Plaintiff has suffered double damage and will continue to suffer both irreparable injury and damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:
## DISCRIMINATION BASED ON SEX

50. Plaintiff LADY GOMEZ re-adopts every factual allegation as stated in paragraphs 1-49 above as if set out in full herein.

51. At all times material hereto, the Employer/Defendant Solar-Ray failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's Race, Color, Religion, Sex, or National Origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

52. The discrimination of Plaintiff Lady Gomez was perpetrated by her superior, but it was allowed by Defendant Solar-Ray, and it was caused by Defendant being aware of Plaintiff's Sex.

53. Defendant's decision to discriminate against Plaintiff Lady Gomez was because of Plaintiff's Sex.

54. At all relevant times aforementioned, including the time of discrimination, Defendant Solar-Ray was aware that Plaintiff Lady Gomez was a female.

55. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

56. Plaintiff was qualified for the position apart from her apparent Sex.

57. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

58. The failure of Defendant Solar-Ray to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

59. Defendant Solar-Ray, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff Lady Gomez on account

of her Sex in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

60. Plaintiff Lady Gomez was wrongfully terminated by Defendant Solar-Ray, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

61. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

62. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant Solar-Ray is a mere pretext for the actual grounds for the termination from employment, Plaintiff's Sex, and complaints related to the unlawful acts of discrimination and harassment.

63. Defendant Solar-Ray is subjected to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

64. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to her Sex. Discrimination based on Sex constitutes unlawful discrimination.

65. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff Lady Gomez respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant Solar-Ray, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff Lady Gomez to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff Lady Gomez;

D. Order Defendant Solar-Ray, to make Plaintiff Lady Gomez whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation resulting from the employment discrimination suffered;

E. Award a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages;

G. Award attorney's fees and costs.

<u>Demand for a Jury Trial</u>

Plaintiff Lady Gomez demands a trial by jury on all issues triable as of right by a jury.

**COUNT II:**
**VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964:**
**RETALIATION**

66. Plaintiff Lady Gomez re-adopts every factual allegation as stated in paragraphs 1-49 above as if set out in full herein.

67. At all times material hereto, the Employer/Defendant Solar-Ray failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has

made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

68. Defendant Solar-Ray is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

69. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

70. Defendant Solar-Ray, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff Lady Gomez on account of Plaintiff's complaints of discrimination.

71. Plaintiff complained about the unlawful discrimination and harassment suffered at the hands of her superior. Plaintiff complained and opposed the unlawful discriminatory conduct of this individual.

72. But Plaintiff's complaints brought her only increased harassment from her superior and her own employer, Solar-Ray.

73. On or about January 18, 2022, Plaintiff Lady Gomez was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints and opposition to unlawful discrimination and harassment based on her Sex, in violation of Federal Law.

74. Moreover, Plaintiff's termination came just temporal proximity after Plaintiff's participation in protected activity.

75. Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

76. Plaintiff Lady Gomez was fired by Defendant, and the termination was directly and proximately caused by Plaintiff's complaints and opposition to unlawful discrimination.

77. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment.

78. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to her Sex, and retaliation due to her complaints of unlawful discrimination.

Retaliation based on having engaged in a protected activity constitutes illegal retaliation.

79. As a result of the retaliation, Plaintiff Lady Gomez has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

80. At the time that Plaintiff opposed the discrimination and harassment of her supervisor, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of Title VII.

81. Defendant Solar-Ray's acts, through their agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

82. Defendant Solar-Ray is subject to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

83. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff Lady Gomez respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant Solar-Ray, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant Solar-Ray to make Plaintiff whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>Demand for a Jury Trial</u>

Plaintiff Lady Gomez demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT III:</u>**

## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992
## CHAPTER 760: DISCRIMINATION BASED ON SEX

84. Plaintiff Lady Gomez re-adopts every factual allegation as stated in paragraphs 1-49 and above as if set out in full herein.

85. At all times, material hereto, the Employer/Defendant Solar-Ray failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10], which states,

   *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race,* color, *religion, sex, national origin, age, handicap, or marital status"*

86. The discrimination of Plaintiff Lady Gomez by Defendant Solar-Ray was caused by Defendant being aware of Plaintiff's Sex.

87. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's Sex.

88. At all relevant times aforementioned, including the time of discrimination, Defendant Solar-Ray was aware that Plaintiff was a female.

89. At the time of the unlawful discrimination, Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

90. Plaintiff was qualified for the position apart from her apparent Sex.

91. Plaintiff was discriminated against by Defendant Solar-Ray because Plaintiff was a female.

92. Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

93. The failure of Defendant to adhere to the mandates of the Act was willful, and its violations of the provisions of the Act were willful.

94. Defendant Solar-Ray, through its practices and policies as an employer, willfully and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff Lady Gomez on account of her Sex, in violation of the Act, with respect to its decision to treat Plaintiff different from other employees.

95. Plaintiff Lady Gomezwas wrongfully terminated by Defendant Solar-Ray, and Plaintiff's termination from employment was directly and proximately caused by Defendant's unjustified discrimination against Plaintiff because of Plaintiff's Sex.

96. As a direct and proximate result of Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, pain, and suffering.

97. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual

reasons for the termination from employment, Plaintiff's Sex, and complaints related to the unlawful acts of discrimination and harassment.

98. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to Sex.

99. Discrimination based on Sex constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

100. Defendant Solar-Ray is subject to vicarious liability for the actions of its employees and its own agents because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

101. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff Lady Gomez respectfully requests that this Court order the following:

A. Grant a permanent injunction enjoining Defendant Solar-Ray, its officers, successors, assigns, and all persons in active concert or participation with

it from engaging in any employment practice which discriminates based on Sex;

B. Reinstate Plaintiff Lady Gomez to the same position held before the retaliatory personnel action or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant Solar-Ray to make Plaintiff Lady Gomez whole by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest, and other remuneration for mental pain, anguish, pain, and humiliation;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law, including punitive damages, Attorney's fees (448.104), and further demands a trial by jury on all issues so triable.

<u>Demand for a Jury Trial</u>

Plaintiff Lady Gomez demands a trial by jury on all issues triable as of right by a jury.

**COUNT IV:**
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**CHAPTER 760, FLORIDA STATUTES;  RETALIATION**

102.   Plaintiff Lady Gomez re-adopts every factual allegation as stated in paragraphs 1-49 of this Complaint as if set out in full herein.

103.   This is an action against Defendant Solar-Ray for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

104.   The FCRA contains an anti-retaliation provision forbidding employers from retaliating or from taking adverse personnel action against those employees who exercise their lawful and protected rights under the Act.

105.   The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

*"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

106.   Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of her Sex and because of her participation in protected activities within the meaning of the Florida Civil Rights Act.

107.   While working for Defendant Solar-Ray, Plaintiff was subjected to discrimination and harassment based on Sex.

108.   Plaintiff reasonably engaged in protected activity by complaining about the unlawful discrimination with her own employer, Solar-Ray.

109.   Plaintiff complained and opposed the unlawful discrimination and harassment suffered at the hands of her supervisor. Plaintiff opposed the unlawful discriminatory conduct of this individual.

110.   But Plaintiff's complaints brought her only increased harassment from her own employer, Solar-Ray.

111.   On or about January 18, 2021, Plaintiff Lady Gomez was terminated by Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of her complaints and opposition to unlawful discrimination and harassment based on her Sex, in violation of State Law.

112.   At the time that Plaintiff opposed the discrimination and harassment of her supervisor, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of the FCRA, *Fla. Stat. Section 760.10,* (7)

113.   Moreover, Plaintiff's termination came just temporal proximity after Plaintiff's participation in protected activity.

114.   Plaintiff's protected activity resulted in adverse retaliatory actions that altered the terms, conditions, and privileges of Plaintiff's employment.

115.   Any alleged nondiscriminatory reason for terminating Plaintiff asserted by Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment based on her Sex.

116.   Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights protecting a person from discrimination due to their Sex and retaliation due to her complaints of unlawful discrimination. Retaliation based on having engaged in a protected activity constitutes unlawful retaliation.

117.   As a result of the retaliation, Plaintiff Lady Gomez has incurred substantial monetary losses and has suffered emotional distress, embarrassment, and humiliation.

118.   Defendant Solar-Ray's acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

119.   Defendant Solar-Ray is subject to vicarious liability for the actions its employees and its own agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation

to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

120.   Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>Prayer For Relief</u>

WHEREFORE, Plaintiff Lady Gomez respectfully requests that this Court order the following;

A.  Grant a permanent injunction enjoining Defendant Solar-Ray, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in further discriminatory and retaliatory practice in violation of The FCRA, Fla. Stat. Section 760.10, (7);

B.  Award Plaintiff Lady Gomez a judgment against Defendant Solar-Ray for compensatory damages as determined by the Trier of fact;

C.  Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits," and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D.  Enter Judgment for Punitive damages against Defendant Solar-Ray;

E.  Award all reasonable Attorney's fees and costs incurred in connection

with this action; and any other and further relief as justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Lady Gomez demands a trial by jury on all issues triable as of right by a jury.

Dated: July 27, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*